UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JUAN RAMON RESPARDO-RAMIREZ,

        Defendant.

_____/

Case Number 10-20635
Honorable David M. Lawson

## ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER SECTION 3582(c)(2) PURSUANT TO AMENDMENT 782

Presently before the Court is the defendant's motion seeking a reduction of his sentence based on a retroactive application of the sentencing guidelines.

The defendant suggests that he is entitled to a reduction of his sentence under Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. U.S.S.G. § 2D1.1(c) (2015). On May 7, 2013, a jury found the defendant guilty of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) (Count I), kidnapping, aiding and abetting, in violation of 18 U.S.C. §§ 1201(a) and 1201(c) (Count VI), and brandishing of a firearm in furtherance of and during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(ii) (Count VII). The Court sentenced the defendant to a term of imprisonment of 120 months on Counts I and VI to run concurrently to each other, and a term of imprisonment of 84 months on Count VII to run consecutive to Counts I and VI. The Court sentenced the defendant to 120 months on Count I based on the statutory minimum sentence mandated by Congress.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis added).

The defendant is not eligible for a sentence reduction because the defendant's sentence on Count I was based on the statutory minimum rather than U.S.S.G. § 2D1.1(c), which was amended by Guideline Amendment 782. *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (holding that the defendant was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because his sentence was subject to a statutory mandatory minimum sentence, which was not subsequently reduced and therefore did not lower the defendant's applicable guideline range); *see also United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (finding that the defendant was not entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2) "because he was not in fact sentenced based on a Guidelines range that was subsequently reduced").

Accordingly, it is **ORDERED** that the defendant's motion for sentence reduction under section 3582(c)(2) pursuant to Amendment 782 [dkt. #603] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 19, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2017.

        s/Susan Pinkowski
        SUSAN PINKOWSKI