UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Criminal Case Number 10-20635
                                                      Honorable David M. Lawson

v.

JUAN RESPARDO-RAMIREZ,

        Defendant.

_____/

**ORDER DENYING SECOND MOTION TO REDUCE SENTENCE**

Defendant Juan Respardo-Ramirez has filed a second motion asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. The Court sentenced Respardo-Ramirez in October 2013 to 204 months in prison for drug trafficking, kidnapping, and firearm crimes. Respardo-Ramirez argues that he is eligible for a sentence reduction because of a risk of contracting COVID-19, a need to care for his elderly parents, and his rehabilitation while in prison. However, none of these arguments establishes that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, and therefore his second motion to reduce his sentence will be denied.

I.

The defendant, who was the "right-hand man" to a leader in a Chicago-based drug trafficking organization (codefendant Manuel Antonio Soto), was charged in a Fourth Superseding Indictment filed on April 2, 2013 with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii)(II) (Count 1), conspiracy to kidnap in violation of 18 U.S.C. § 1201(a)(1)(C) (Count 5), kidnapping in violation

of 18 U.S.C. § 1201 (Count 6), brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 7), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(i) (Count 8).  At trial, the government furnished testimony proving that Respardo-Ramirez regularly trafficked in cocaine and held two individuals hostage in a garage in Chicago after they had been transported against their will from Detroit, while his co-defendants threatened them for payment of a prior drug debt.  On May 7, 2013, a jury convicted him on Counts 1, 6, 7, and 8 but acquitted on the conspiracy to kidnap charge.  The Court later granted his motion for a judgment of acquittal on Count 8.  ECF No. 515.  The Court sentenced the defendant on October 29, 2013 to prison terms of 120 months on Counts 1 and 6 to run concurrently to each other, and 84 months on Count 7 to run consecutive to the sentences on Counts 1 and 6.  The sentences on Counts 1 and 7 were based on the statutory minimum prison terms mandated by Congress.

In 2016, Respardo-Ramirez filed an earlier motion for a reduction in sentence under section 3582, seeking retroactive application of Amendment 782, which lowered the guidelines ranges for certain controlled substances offenses.  The Court denied Respardo-Ramirez's motion on April 19, 2017 citing the applicable mandatory minimum governing his sentence. ECF No. 637.  On June 2, 2021, the defendant filed a motion for the appointment of counsel to assist with a motion for a reduction in sentence.  The Court granted his request, and attorney Fabian Renteria-Franco was appointed to represent him.  ECF No. 768.  Apparently, Respardo-Ramirez ultimately chose not to pursue compassionate release at that time because no motion was ever filed.

On April 2, 2024, Respardo-Ramirez requested compassionate release from the warden of his prison but did not receive a response.  On June 12, 2024, he filed a motion for a reduction in sentence without the assistance of counsel.  The Court again appointed attorney Renteria-Franco

to represent him.  ECF No. 813.  The government responded to the defendant's motion opposing the requested relief, and the defendant filed a reply.

Respardo-Ramirez presently is confined at FCI Petersburg Low in Virginia.  According to the BOP's website, he is scheduled to be released from custody on February 3, 2027.  He is 44 years old.  BOP records disclose no recent disciplinary issues.  Respardo-Ramirez is not a United States citizen and likely will be deported on his release from prison.

## II.

By now it is well understood that, generally, "a federal court 'may not modify a term of imprisonment once it has been imposed,'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)), and that this "rule comes with a few exceptions, one of which permits compassionate release," *ibid.*  The request for such relief must be presented by a motion filed in federal court, either by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A), "[o]r it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier,'" *Alam*, 960 F.3d at 832 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Compassionate release is a concept that has come to be recognized as authorized by Congress in section 3582(c)(1)(A).  It is an exception to the "rule of finality," which prohibits district courts from modifying a sentence "except in limited circumstances." *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021).  There are three requirements that must be satisfied before relief can be granted under this section, the first of which is that "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th

Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). For the second requirement, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Nicholson*, No. 21-1724, 2023 WL 4447881, at *2 (6th Cir. July 11, 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)). Finally, the Court must "'consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable.'" *Ibid.*

"[I]f each requirement is met, a court may — but need not — reduce a term of imprisonment." *Ibid.* (citing 18 U.S.C. § 3582(c)(1)(A)). On the other hand, "[i]f any of the requirements are not met, a court cannot reduce a sentence." *Ibid.*

A.

The court of appeals has observed that the determination of what constitutes "extraordinary and compelling circumstances," which previously was regarded as a "highly discretionary decision of the district court, as broadly suggested by the Supreme Court in *Concepcion v. United States*, 597 U.S. 481 (2022), has been severely and categorically cabined." *United States v. West*, 70 F.4th 341, 347 n.1 (6th Cir. 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1074-76 (6th Cir. 2022) (Gibbons, J., dissenting)). That has led the court to observe that it "has predominantly defined what can constitute 'extraordinary and compelling' reasons for release by defining what circumstances *cannot* be 'extraordinary and compelling.'" *West*, 70 F.4th at 346 (citing *Hunter*, 12 F.4th at 570 (6th Cir. 2021). In accord with that trend, the Sixth Circuit broadly has recognized that typical circumstances attending incarceration and personal factors routinely considered at sentencing cannot supply "extraordinary and compelling" grounds for compassionate release. The factors that may not be considered include (1) the defendant's culpability and role in a criminal scheme, (2) sentencing disparities between the movant and his co-defendants, (3) the proportion of a custodial term already served, (4) the defendant's successful efforts at rehabilitation while

-4-

confined, and (5) nonretroactive Sentencing Guideline amendments. *Hunter*, 12 F.4th at 570-72; *United States v. Scott*, No. 22-3737, 2023 WL 5671313, at *1 (6th Cir. May 4, 2023) ("[A]lthough Scott has served more than 70% of his sentence, as the district court aptly noted, 'an inmate serving the majority of his sentence is commonplace and ordinary, not extraordinary.'"); *McCall*, 56 F.4th at 1065-66.

Respardo-Ramirez first cites as an extraordinary and compelling reason justifying release the risk of COVID-19 infection. He largely abandons this argument in his reply brief and for good reason. The Sixth Circuit has stated emphatically that COVID's lingering presence in society no longer is attended by the same exigency that it once had before vaccines for the disease were made widely available to federal inmates and the general public. Accordingly, it has held that, "absent extenuating circumstances, because vaccinations are now available to federal inmates, the COVID-19 pandemic is not considered 'extraordinary and compelling.'" *United States v. Thornton*, No. 21-1418, 2023 WL 2293101, at *1 n.2 (6th Cir. Mar. 1, 2023) (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)); *accord United States v. Orta*, No. 22-5471, 2023 WL 3794805, at *2 (6th Cir. May 12, 2023) (observing that "the inmate had access to vaccination, which significantly reduces both the likelihood of contracting COVID-19 and the associated risks should one contract the virus . . . . And [an inmate's] access to the vaccine substantially undermines his request for a sentence reduction." (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (cleaned up)). This analysis largely tracks the relevant provision of the Amended Sentencing Guidelines, USSG § 1B1.13(b)(1)(D), which requires that a defendant demonstrate that his correctional facility is affected or imminent risk of being affected by an infectious disease outbreak, that his personal health factors and custodial status place him at "increased risk of

suffering severe medical complications or death" *and* that the "risk cannot be adequately mitigated in a timely manner."

Respardo-Ramirez has not shown that "extenuating circumstances" exist in his case. As an initial matter, recent reports indicate that the probability of infection at FCI Petersburg now is very low, with no active cases among inmates. *See* BOP Inmate COVID-19 Data, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (last visited December 6, 2024). He expresses concern about COVID-19 variants that may emerge, and certainly, COVID-19 remains an active threat to public health, as do many communicable diseases. Considering his status as a middle-aged, Hispanic, former smoker, who suffers from obesity, he worries that he would be especially vulnerable to serious complications or death if infected. He failed to attach to his motion any medical records demonstrating that he is immunocompromised or particularly vulnerable to infection or severe complications, but many of these factors are well-known COVID comorbidities. Fortunately, the vaccine for COVID-19 largely mitigates the exigency of the virus. Respardo-Ramirez reports receiving the COVID-19 vaccination and booster shot in 2021. ECF No. 812, PageID.6202. At this stage of the pandemic, where vaccines are readily available, simply reciting comorbidities common to many individuals is insufficient to demonstrate "extenuating circumstances." He suggests that these vaccines are not fully effective against newer COVID variants, yet he does not contend that he has been denied access to updated formulations that are now available at regular intervals. Finally, he takes issues with conditions in the prison facility where he is housed, which apparently make social distancing, air filtration, and other sanitation protocols somewhat difficult. However, the fact remains that the risk of a serious outbreak remains low, and if an outbreak were to occur, the BOP doubtless would implement

additional protective measures. At present, Respardo-Ramirez has not demonstrated that his risk of contracting COVID-19 is an extraordinary and compelling reason justifying his early release.

B.

Respardo-Ramirez next cites a need to care for his parents in Mexico, as well as his son, who has a cognitive impairment. He states that his father, Ramon Respardo Mendoza, is treated for depression, anxiety, and high blood pressure, and uses supplemental oxygen due to his emphysema. His mother, Gloria Ramirez Gusman, has Guillain-Barré Syndrome, high-blood pressure, and a damaged shoulder. Guillain-Barré Syndrome (GBS) is a well-known auto-immune disease that causes the body's immune system to attack nerve tissue, leading to muscle weakness, and if untreated, paralysis. *See* Guillain-Barre syndrome, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/guillain-barre-syndrome/symptoms-causes/syc-20362793 (last visited December 6, 2024). Respardo-Ramirez reports that the disease paralyzed his mother for several months, but her treatments now have allowed her to regain her faculties, although she sometimes cannot afford her medicine, a problem that has been made worse by a recent fall that affected her ability to earn money as a tailor. Respardo-Ramirez has two sisters, and one lives with his parents; that sister, however, frequently is away, leaving his parents alone for approximately fourteen hours a day.

This argument requires the Court to consider the amended policy statements promulgated by the Sentencing Commission in November 2023 covering compassionate release motions. The amendments significantly impact the determination of what constitutes extraordinary and compelling circumstances within the meaning of section 3582(c)(1)(A)(i). One of those amendments states that "[t]he incapacitation of the defendant's parent" may constitute extraordinary and compelling circumstances "when the defendant would be the only available

caregiver for the parent." USSG § 1B1.13(b)(3)(C). Attempting to ascertain the showing required under this provision, other courts in this circuit have looked to BOP Program Statement § 5050.50, which defines incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner . . . is completely disabled, meaning that the spouse or registered . . . cannot carry on any self-care and is totally confined to a bed or chair." *United States v. Smith*, No. 21-47, 2024 WL 3656187, at *5 (W.D. Ky. Aug. 5, 2024); *see also United States v. Steele*, No. 20-13-4, 2024 WL 1928945, at *2-3 (S.D. Ohio May 1, 2024). That view is narrow and likely would fail to include family members in need of substantial care but who are not *totally* confined to a bed or chair. It also is not clear why deferring to the BOP Program Guidelines, which only define incapacitation in the context of a spouse or registered partner, is the best way to construe the Sentencing Commission's intentions under this provision. The BOP's views are not necessarily those of the Sentencing Commission.

The Court recently considered and denied a motion for compassionate release on similar grounds by Manuel Soto, one of Respardo-Ramirez's co-defendants. *See United States of America v. Manuel Soto*, No. 10-20635, 2024 WL 4846837, at *5 (E.D. Mich. Nov. 20, 2024). Soto's family situation presented a more compelling set of facts that would justify a finding of extraordinary and compelling circumstances. Soto's parents could no longer manage their family farm due to their illnesses, and his only available sibling lived approximately thirty miles away. *Ibid.* The Court held that he nevertheless failed to demonstrate that his parents were unable to care for themselves as contemplated by the policy statement and that he had not demonstrated that he was the only available caregiver. Here, although both of Respardo-Ramirez's parents have medical challenges that affect their ability to live independently, those conditions appear short of incapacitation or an inability to provide self-care. Certainly, his mother's paralysis would rise to

the level of incapacitation, but the reports show that she has recovered and apparently still works as a tailor. And even if the defendant's submissions supported a finding that his parents were incapacitated, he has not demonstrated that he is their only available caregiver. The record reflects that his sister actually lives with his parents and cares for them. *See* Letter, ECF No. 822-2, PageID.6287. That sister says that her work schedule makes her unavailable to be physically present with her parents for fourteen hours at a time. It is true that the defendant "need not be the only imaginable caregiver; it is sufficient that he is the only *available* caregiver." *United States v. Allison*, No. 21-20436, 2024 WL 3012780, at *3 (E.D. Mich. June 14, 2024). Perhaps the defendant's parents would be benefitted by his presence as a sort-of day caregiver during the times when his sister is away, but the record does not support a finding that Respardo-Ramirez's parents are so incapacitated that they require around-the-clock care at this stage in their lives. Finally, his desire to care for his son is commendable, but it does not appear that his son is totally incapacitated or that he lacks a caregiver at present. The defendant's desire to aid his family does not support a finding of extraordinary and compelling circumstances for release.

C.

Respardo-Ramirez also directs the Court to his efforts at rehabilitation while in custody. These endeavors include his participation in substantial coursework, his continued employment in prison, and his favorable disciplinary history. Although rehabilitation alone may not be considered as an extraordinary and compelling reason, *see Hunter*, 12 F.4th at 572 (citing 28 U.S.C. § 994(t)), the Sentencing Commission's recent amendment emphasizes that it may be considered "in combination with other circumstances," USSG § 1B.13(d). Respardo-Ramirez's work towards rehabilitation is commendable, but it does not appear that his efforts are *extraordinary* compared with the general expectation that individuals participate in programming while incarcerated. *See*

*Hunter*, 12 F.4th at 572 n.10. And because his other proffered reasons are insufficient, Respardo-Ramirez's rehabilitative efforts do not justify relief.

C.

Because Respardo-Ramirez cannot demonstrate that extraordinary and compelling reasons support his release, the Court need not evaluate the section 3553(a) factors. *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021).

I.

Respardo-Ramirez has exhausted his administrative remedies. However, he has not demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's second motion for a reduction of sentence (ECF No. 812) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  December 19, 2024